SUPERIOR COURT
OF THE
STATE OF DELAWARE

E. SCOTT BRADLEY
JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947

February 26, 2016

**STATE MAIL – S980C**
Quentin A. Wilkerson, Sr.
SBI # 00515409
Sussex Correctional Institution
Route 3, Box 500
Georgetown, DE 19947

>    *RE:   State of Delaware v. Quentin A. Wilkerson, Sr.*
>          *ID. No. 1306023969*

Date Submitted: November 10, 2015

Dear Mr. Wilkerson:

This is my decision on your Motion for Postconviction Relief. The State of Delaware charged you with 25 counts of Dealing in Child Pornography. The charges arose out of the Attorney General's Child Predator Task Force's undercover investigation into the distribution of child pornography through a peer-to-peer file sharing network known as the "Ares Network." This type of network is often used by people to share images of child pornography. The "Ares Network" operates by allowing users who have installed the software on their computer to share files with other users on the network. Through the course of the investigation, Delaware State Police Detective John Messick of the Child Predator Task Force was able to

determine that child pornography was being made available from an internet protocol address returning to you. Detective Messick determined that your internet protocol address had at least 12 files available for sharing which appeared to be child pornography as defined by Delaware law. One video showed a completely naked pre-pubescent female child lying on her back with her legs pulled upward, exposing her vaginal area. In between the female child's legs was an adult male with his erect penis exposed. The adult male started masturbating his erect penis above the female child's vaginal area. The adult male then ejaculated onto the female child's vaginal area. The first scene of a second video showed two pre-pubescent naked females approximately 10 to12 years of age on a bed. The camera person zoomed in on the vaginal area of one of the females and touched her vagina with his hand. One of the females then performed cunnilingus on the other female. One of the females was then digitally penetrated in her anus by what appeared to be the camera person. An erect adult male penis was then seen penetrating the anus of one of the young females. The female then masturbated the erect penis of the adult male until he ejaculated in her mouth. The child then spit out the semen and wiped her mouth and tongue with the sheets and a pillow. Based on these videos and other information, Detective Messick obtained a warrant to search your computers.

Members of the Delaware State Police and Child Predator Task Force executed

2

a search warrant at your home located at 321 E. Sixth Street, Laurel, Delaware, at approximately 7:09 a.m. on June 27, 2013. The search warrant authorized the police to search all of your computers, digital media and vehicles. You and your wife were not at home when the police arrived. Only your three children were at home. Your son called your wife. The police got your wife's phone number from your son and called her at 7:25 a.m. to tell her what was going on. The police told your wife that they had a search warrant and that it was "computer related." Your wife then called you. Your wife told the police that you would be home soon. You arrived home at approximately 8:30 a.m. in a 2006 Chevrolet van. The police told you that they had a search warrant for all of your computers. You told the police that your laptop was in the house. The police searched your van and found a black nylon case with an HP Pavilion laptop computer. During a post-Miranda interview, you told the police that the laptop that the they found in your van was yours and that you were the primary user of it. Your daughter told the police that she never saw anyone else use your laptop. Your daughter also told the police that your son never used any laptop other than his own. You denied using your laptop to download any music or videos. You also told the police that you had not looked at any pornography on your laptop for two years. A preliminary forensic examination of the your laptop's hard drive found four images of children involved in prohibited sexual acts as defined by Delaware

3

law. During the full forensic examination of your laptop, the police found additional images of children engaging in prohibited sexual acts. The police also determined that you had deleted over 1,000 files related to peer-to-peer networks, including the "Ares Network," during the period of time between 7:41 a.m. and 7:52 a.m. on June 27, 2013. This was in the time period after your wife called you but before you arrived at home. The police prepared a Computer Forensic Summary of the child pornography that they found on your computer. The following are verbatim excepts from that report:

<u>Examination Results</u>

CSE Images Recovered? Yes. CSE Images Found as ACTIVE (Non-Deleted) Files? Yes
CSE Images Found as In-Active (Deleted) Files? YES CSE Images Carved from UA/Free Space? Yes.
NUMBER OF CSE Images (Still) Identified? **45**   X Minimum _ Approximate
NUMBER OF CSE Video Identified **18**  X Minimum __Approximate
CSE Includes:
 X Boy(s)  X Girls (s)  X Both Genders (Intentional inclusion of both in collection)
 _ Infants  X Toddlers ___ Pre-School ___ Pre-Pubescent _ Known/Local Victim
 _ Sadism _ Bondage X Bestiality _ Degradation    X Urination/Defecation
X Incest (Mother/Son) _ Incest (Mother/Daughter _ Incest (Other Adult Female Child)

      Based on review of images, it appears the collector preference(s) is/are: Pre to early pubescent females masturbating (based on actual children) Based on Erotic Cartoons, it appears the interest is much younger (preschool or younger) and incestuous sexual relations.

Observed Act(s) Include(s):
X Anal Penetration of Child by Adult Penis
X Vaginal Penetration of Child by Adult Penis
X Oral Intercourse on Child by Adult Penis  X Oral Intercourse on Child by Child
X Oral Intercourse by Child on Adult         X Oral Intercourse by Child on Child

4

X Masturbation of Child by Adult (Manual) X Masturbation of Adult by CHILD (Manual)

X Masturbation of Child by Child (Manual) X Masturbation of Child by Self (Manual)

X Nudity – Sexual Posing

X Child Erotica Still Images

X Child Erotica Common Internet Sources

X Deleted MFT Entries

X Recovered P2P Search Terms

X File Deletions/Concealment X File Trades

### Evidence of Child Sexual Exploitation Video Files

Examination of the logical file structure of the hard drive from the HP Netbook computer revealed that a number of items relating to peer to peer file sharing had been deleted during the morning of 6/27/2013 between 7:41 a.m. and 7:52 a.m. I found that in excess of 1,000 files relating to Ares, Azureus and FrostWire had been deleted during that time period. Additionally, I found that among 8 video files consisting of Child Sexual Exploitation (CSE) found in the directory structure of the HP Netbook Computer, 7 had been deleted during the morning of 6/27/2013 and were found in the Microsoft Windows Recycle Bin. Four of those CSE Video files have been deleted. Those files are listed and described below:

1. *This video depicts a pre-pubescent Caucasian girl in a bathroom setting wearing only underwear and posing suggestively. The video is titled "Newstar Diana" in the opening credits. At times the girl is seated on the bathroom counter with her legs spread apart and pulls her shirt up and panties down. The video is 8 minutes and 31 seconds long.

2. *This video depicts an adult Caucasian male engaged in anal intercourse with a pre-pubescent Caucasian girl. The girl and man speak with British accent. The male eventually ejaculates on the girls vagina. The video is 2 minutes and 40 seconds long.

3. *This video depicts the same two subjects and the video above. The adult male is masturbating and eventually ejaculates on the face and into the mouth of the pre-pubescent girl. The girl and man speak with a British accent and the man instructs the girl to swallow his semen. The video is 1 minute and 51 seconds long.

4. *This video depicts a pre-pubescent Caucasian boy masturbating and subsequently performing fellatio on a Caucasian adult male. The male then masturbates and ejaculates on the boy's face. The video is 14 minutes and 18 seconds long.

5

Three additional video files were deleted earlier in the morning of 6/27/13 between approximately 12:28 and 12:29 a.m. Those videos are listed and described below:

1. *This video depicts a pre-pubescent dark skinned, possibly Latino girl posing for a camera which is placed on the floor of what appears to be a child's bedroom. The girl removes her pants and pulls up her panties so that her vagina is visible. The video is 1 minute and 10 seconds long.

2. *This video depicts a pre-pubescent Caucasian girl with a British accent who is wearing a G-String which is pulled up tightly into her vagina. The girl pulls the waistband of the [G-String] over each arm and over her shoulders. The setting appears to be a bedroom. The video is 53 seconds long.

3. *This video depicts a pre-pubescent Caucasian girl in a child's bedroom setting. The girl removes her pants and panties while posing for the camera. The video is 1 minutes and 10 seconds long.

The remaining video file was deleted on 6/23/2013 and is listed and described below:

1. *This video depicts a Caucasian girl who appears to be approximately 15 to 16 years of age apparently in a bathroom seated on the floor. A male subject standing near her urinates into the girls' mouth and she eventually vomits. The video is 4 minutes and 50 seconds long.

The recycle bin typically contains additional information for contained deleted files which reveal the original path and file names and attributes for those files. However, I was not able to locate the corresponding information for these deleted files. This is possibly due to the fact that the files had not been deleted in a typical Windows deletion action. 3rd party deleting or wiping software can delete files in such a manner. I conducted a search for any 3rd party wiping software which would have accounted for the missing information. I found evidence that a program "ccleaner" had been run as a text search revealed 166 references to the program on the HP Netbook computer. Ccleaner is advertised as a freely available program which deletes unwanted files and their traces in the Windows entries and registry while protecting the user's privacy.

In an attempt to find additional CSE video files I conducted a text search for terms commonly associated with CSE video and image files. Those searches resulted in finding numerous file listings with names clearly indicative of CSE in multiple locations. Although the files contained in these listings are not present on the computer in its current state, this shows the files did exist in previous iterations. See file listings below:

6

4 adolescente sexo en hotel.
bitch thai porn – malay girl anal sex in hotel
bibcam
pthc – hotel silvepe sl idemovie
desi indian girl hotel sex porn scandal
fuck in hotel riding
love hotel
malay girl anal sex in hotel
bibcam 2 sexy blonde soccer boys
2010 boys suck
kids.avi
!!new 2007 two pre-pu [bb]
14 yo boy in shower sex with 15 yo boy cum[1]

### Summary

Examination of the HP Netbook computer revealed that on 6/27/13 between 7:41 and 7:52 am, steps had been taken to delete and remove traces of peer to peer file sharing programs and child sexual exploitation video files.  I was able to locate 8 Child Sexual Exploitation (CSE) video files in the current directory structure which had been downloaded through use of the Ares Peer to Peer file sharing program.  Another 10 (CSE) video files were located in a volume shadow copy (a Windows Backup) from 6/13/2013.  Additionally, I found 45 CSE image files in the directory structure of the computer, many of which had been viewed and downloaded via internet web browsing.

Approximately 650 child erotic image files were located in the Window Temporary Internet Files, a directory in which files are cached to the local hard drive during web browsing with Microsoft Internet Explorer.  These files had been written to the hard drive late in the morning on 6/26/2013.  I also found indications that email for Quentin Wilkerson (Ariez 24 @hotmail.com) had been checked just prior to that time period on the morning of 6/26/2013.

Evidence exists as well, that Frostwire, another peer to peer file sharing program, had been earlier used to download CSE video files.

Your Defense Counsel reviewed this report and then met the State's forensic computer examiner and reviewed the videos at the Child Predator Task Force's

---

[1] This is only a partial list.  The complete list is three single-spaced pages long.

Computer Lab. Your Defense Counsel concluded that the evidence against you was strong and recommended that you try to get the best possible plea that you could. Your Defense Counsel believed that, while you enjoyed watching child pornography, you were not a threat to sexually abuse a child. Your Defense Counsel believed that a psychosexual evaluation would support his belief and advised you to undergo a psychosexual evaluation. You accepted his advice and were examined by Steven K.D. Eichel, Ph.D., ABPP, a licensed and board certified psychologist.

The Prosecutor agreed to drop the charges against you in exchange for your agreement to plead guilty to one count of Dealing in Child Pornography and two counts of Possession of Child Pornography. The Prosecutor and your Defense Counsel requested that a presentence investigation be prepared. The Prosecutor agreed to recommend at sentencing no more than 10 years at Supervision Level 5. You accepted the State's plea offer. You pled guilty to one count of Dealing in Child Pornography and two counts of Possession of Child Pornography on April 29, 2014. I ordered a presentence investigation, but I did not sentence you. Judge T. Henley Graves sentenced you on June 13, 2014. Judge Graves sentenced you to 31 years at Supervision Level 5 with credit for 53 days previously served, suspended after serving three years and six months at Supervision Level 5, followed by one year at Supervision Level 4 Home Confinement, followed by eight years at Supervision

8

Level 3.

You filed your Motion for Postconviction Relief on February 23, 2015. Your Motion for Postconviction Relief was filed in a timely manner and went to Judge Graves for consideration. The Prosecutor and your Defense Counsel filed multiple affidavits, at the request of Judge Graves, responding to your allegations. You filed multiple responses. Judge Graves did not appoint counsel for you and he did not conduct an evidentiary hearing. Once Judge Graves realized that I had taken your plea, he returned the matter to me on November 10, 2015. I asked your Defense Counsel to clarify his responses to several of your allegations. Your Defense Counsel did so on February 16, 2016.

Discussion

You have set forth a large number of allegations, many of which are repeated numerous times with varying degrees of additional information. I have divided your allegations into two groups. The first group of allegations relates to the period of time before you decided to take the plea. The second group of allegations relates to the period of time when you decided to take the plea and actually pled guilty in the court. Since you pled guilty, I must first determine if your attorney's representation of you left you with no choice but to plead guilty. If it did not, then I must determine if you made a knowing, intelligent and voluntary waiver of your rights when you pled

9

guilty.

## Ineffective Assistance of Counsel

The United States Supreme Court has established the proper inquiry to be made by courts when deciding a motion for postconviction relief.[2] In order to prevail on a claim for ineffective assistance of counsel pursuant to Superior Court Criminal Rule 61, the defendant must show: "(1) counsel's representation fell below an objective standard of reasonableness; and (2) counsel's actions were so prejudicial that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial."[3] Further, a defendant "must make and substantiate concrete allegations of actual prejudice or risk summary dismissal."[4] It is also necessary that the defendant "rebut a 'strong presumption' that trial counsel's representation fell within the 'wide range of reasonable professional assistance,' and this Court must eliminate from its consideration the 'distorting effects of hindsight when viewing that representation.'"[5]

---

[2] *Strickland v. Washington*, 466 U.S. 668 (1984).

[3] *State v. Thompson*, 2003 WL 21244679 (Del. Super. April 15, 2003), *citing Strickland*, 466 U.S. 668 (1984).

[4] *State v. Coleman*, 2003 WL 22092724 (Del. Super. Feb. 19, 2003).

[5] *Coleman*, 2003 WL 22092724, at *2, *quoting Strickland*, 466 U.S. at 689.

10

## The Pre-Plea Allegations

1. The Grand Jury process is flawed because it allows the Attorney General's Office to present the evidence to the Grand Jury instead of an independent and unbiased panel selected from the public.

This is how our Grand Jury works. It is governed by the Delaware Constitution, a statute, and a rule.[6] Your allegation is without merit.

2. The indictment had multiple counts based upon the same conduct (multiplicity). You allege that your Defense Counsel did not review the indictment and evidence to rule this out.

Your allegation is conclusory. You have not identified which counts are based on the same set of operative facts, leaving me with no way to evaluate your allegation.[7] I note that your Defense Counsel reviewed the evidence against you and concluded that the State would have an easy time convicting you of all 25 charges of Dealing in Child Pornography. I note further that the State's forensic examination mentions 18 files found on your laptop and seven files that you had deleted, but were recovered by the State. The seven files are discussed in great detail in the forensic

---

[6] 10 *Del. C.* §4505. Del. Super. Ct. Crim. R.6. Del. C. Ann. Const. Art. 1 §4.

[7] *Sisson v. State*, 903 A.2d 288, 309 (Del. 2006). *Seward v. State*, 723 A.2d 365, 375 (Del. 1999).

11

report. The other 18 files were available for your Defense Counsel to watch, which he did. I am sure that he did based on his detailed letter to you. Your allegation is without merit.

3. Your Defense Counsel should have filed a motion to dismiss or quash the indictment for a lack of evidence.

Your allegation is conclusory. There was a substantial amount of evidence against you. I have discussed in considerable detail the evidence against you in this decision. You have not told me why this evidence was insufficient to indict you. Your allegation is without merit.

4. Your Defense Counsel never filed any fruitful defensive motions.

Your allegation is conclusory. You have not identified the motions that your Defense Counsel should have filed and stated why he should have filed them. In cases like this one the most obvious pre-trial motion would have been a Motion to Suppress. Your Defense Counsel did not file a Motion to Suppress the evidence the police found after they conducted a forensic examination of your laptop because he could not find any flaws in the Search Warrant. I agree with your Defense Counsel's assessment. I reviewed the Application for Search Warrant, Affidavit of Probable Cause, and Search Warrant. The Affidavit of Probable Cause certainly establishes probable cause to search your computers and van. It describes in great detail the child

12

pornography that had been tracked to your internet address. The Search Warrant specifically covered your van, which is where the police found your laptop after you lied to the police and told them that your laptop was in your house.

Your Defense Counsel did file a Motion to Exclude Evidence or Compel Discovery. Your Defense Counsel withdrew this motion when the State provided the requested discovery. I find that there was nothing wrong in doing that. Your allegation is without merit.

5. Your Defense Counsel withdrew the one and only motion he filed. You allege that the Court would have thrown out all of the State's evidence if Defense Counsel had pursued this one motion.

Your allegation is conclusory. Your Defense Counsel filed a Motion to Exclude Evidence or Compel Discovery. He withdrew it when the State provided the requested discovery. This is often what happens during the pre-trial phase of a case. You have not stated why I would have granted the motion even though the State did provide the requested discovery. Without knowing how the State's alleged delay in providing discovery to you somehow prejudiced your case, there is nothing meaningful for me to consider. Moreover, I note that forensic examinations of computers do take time. Your allegation is without merit.

6. Your Defense Counsel never filed a Motion for Judgment of Acquittal.

13

This is a motion that is made at the conclusion of the State's presentation of its evidence against you to the jury at trial. You never went to trial, making it impossible for your Defense Counsel to make this motion. Your allegation is without merit.

7. Your Defense Counsel should not have filed a continuance request to give the State more time to conduct the forensic analysis.

Your Defense Counsel, on October 2, 2013, asked the Court for a continuance of the case review scheduled for October 7, 2013, because the State's forensic report was not done and would not be done for another 45 to 60 days. It appears to me that your Defense Counsel did this to move your case review to a point in time where he would have the forensic report so that he could have a meaningful discussion with the Prosecutor about your case. You have not told me how this prejudiced your case. I see nothing wrong with Defense Counsel's actions in this regard. Your allegation is without merit.

8. Your Defense Counsel should have opposed the State's continuance request for more time to complete the forensic analysis.

The Prosecutor, on February 26, 2014, asked the Court for a continuance of the case review scheduled for March 11, 2014, because the forensic report would not be done for another 30 days. Your Defense Counsel did not object. Without knowing how this caused you any prejudice, I can find nothing wrong with it. I note that the

14

Prosecutor delivered the forensic report to your Defense Counsel on March 13, 2014, which was within the time period requested. The Prosecutor's letter says it was done on March 13, 2013, but since her letter was clocked in at the Prothonotary's Office on March 20, 2014, the date in the Prosecutor's letter must have been a typographical error. Your allegation is without merit.

9. Your Defense Counsel never challenged the unlawful and unconstitutional use of 11 *Del. C.* §§1109 and 1111.

You were charged with 25 violations of 11 *Del. C.* §1109(4). You allege that there is a clear and decisive difference between "dealing" and "possession." Your Defense Counsel did not raise this argument because there was no basis in the law or the facts of your case to support it. This same argument was rejected by the Delaware Supreme Court in *Fink v. State of Delaware*.[8] The police found more than 190 visual depictions of child pornography on a compact disc at Fink's house. Fink was charged with and convicted of multiple counts of 11 *Del. C.* §§1109(4) and 1111(1). Fink made the same argument you are making to his trial court judge. The trial court judge rejected it. Fink made the same argument on appeal to the Supreme Court. The Supreme Court rejected it. The Supreme Court, when analyzing 11 *Del. C.* §§1109(4) and 1111(1), stated the following:

---

[8] 817 A.3d 781 (2003).

15

Fink's first argument, upon which the trial judge did rule, claims that fifteen counts of dealing each based upon a separate, distinct depiction or image merge into one collective offense. Both 11 *Del. C.* § 1109(4) and §1111(1) use the term "visual depiction" in the singular. The clearest reading of the statute is that each "individual depiction" of child pornography that is knowingly "dealt" or possessed by a defendant constitutes the basis for a separate offense under the statutes. Accordingly, in this case, Fink's possession of multiple photographs depicting child pornography constituted multiple violations of both the dealing and the possession statute. Each picture is a crime against the child depicted as well as an offense to society. Given the express intent of the General Assembly to prohibit dealing in individual items of material depicting child pornography, Fink's argument that he could only be charged with one download (or similarly with only one photo album where multiple pictures appear within) and therefore only one count under 11 *Del. C.* §1109(4) or §1111(1) fails to persuade us that the trial judge erred by denying his motion.

Put another way, the State could have charged you under either statute based upon the facts of your case. You had numerous images of child pornography on your computer as well as a network that made the sharing of this child pornography available to you and others. Your conduct is clearly covered by §1109(4). The State chose to charge you under 11 *Del. C* §1109(4). I know that everyone charged with Dealing in Child Pornography, a serious felony, would much rather be charged with Possession of Child Pornography, a misdemeanor. Unfortunately for you, given the amount of child pornography on your laptop and the manner in which you obtained it and made it available to others, that was just not going to happen. Your argument is similar to one I have had before in another context. Take the case of a father

16

charged with having sexual intercourse with his minor daughter. The State charges rape and the father says it was only incest. You get the picture. Your allegation is without merit.

10. You allege that the Delaware Legislature never intended for the Dealing in Child Pornography statute to be applied the way it has been and is being applied.

The Delaware Supreme Court in *Fink* had no trouble understanding how the legislature intended the Dealing in Child Pornography statute to be applied and in fact said that the legislative history supported the manner in which it had been applied. Your allegation is without merit.

11. Your Defense Counsel did not familiarize himself with 11 *Del. C.* §1109 and its relationship to your charges and the possible defenses.

Your allegation is conclusory. You have not told me about anything that your Defense Counsel should have raised, but did not. Your Defense Counsel has been a lawyer for a long time and has been practicing felony-level criminal law for a long time. I have no doubt whatsoever that he is familiar with 11 *Del. C.* §1109(4) and the possible legal and factual defenses available to a person such as yourself facing such a charge. You certainly have not identified any plausible legal and factual challenges to §1109(4). Your allegation is without merit.

12. Your Defense Counsel failed to raise the issue that there was insufficient

17

evidence to support a conviction for "Dealing in Child Pornography."

You argue that there was no evidence of your dealing, transmitting, distributing, or selling child pornography. Instead, you argue that your pornography watching was voyeuristic in nature and that any unwanted material that you inadvertently received was deleted, not to hide it but to get rid of it.

You were charged with violating 11 *Del. C.* §1109(4). The following is that statutory section. A person is guilty of child pornography when:

> (4) The person intentionally compiles, enters, accesses, transmits, receives, exchanges, disseminates, stores, makes, prints, reproduces or otherwise possesses any photograph, image, file, data or other visual depiction of a child engaging in a prohibited sexual act or in the simulation of such an act.

This is very broad. The State found numerous visual depictions of children engaging in a prohibited sexual act or simulations of a sexual act on your laptop. You downloaded that child pornography onto your computer using multiple peer-to-peer file sharing networks. These types of networks allow users of child pornography to view it themselves and share it with others. This is what the State charged under 11 *Del. C.*§1109(4). As the Supreme Court said in *Fink,* this is enough to support a conviction under 11 *Del. C.* §1109(4). Your allegation is without merit.

13. Your Defense Counsel should have challenged your "possession" instead of "dealing" argument, but refused to do so.

I have dealt with this allegation before in my responses to your allegations numbered 9, 10, 11 and 12 and concluded each time that it had no merit.

14. Your Defense Counsel refused to make a counter-offer to the State's plea offer, instead threatening to call off the plea, go to trial (unprepared), and subject you to a possible sentence of life in jail. You allege that your Defense Counsel's secretary, when you asked her about the counter-offer, told you that your Defense Counsel "did not want to poke a sleeping bear." You allege that this is evidence of an improper relationship between your Defense Counsel and the Prosecutor.

The Prosecutor made it clear to your Defense Counsel that there was only going to be one plea offer. I do not blame your Defense Counsel for not pursuing it any further. I have seen that backfire. I have seen a prosecutor get upset and "pull a plea offer off the table." Your Defense Counsel chose not to risk that. That is what the "sleeping bear" reference is about. It has nothing to do with the fact that your Defense Counsel and the Prosecutor are friends. I took it to mean that your Defense Counsel did not want to make the Prosecutor mad and risk having her withdraw the plea offer when she had made it clear to him that this was the only plea offer you were going to get.

If you had decided not to take the plea on the day of your trial, you were not going to have to go to trial that day. I told your Defense Counsel at your final case

review that if you did not take the plea on the day of your trial that your trial would be pushed out 30 to 45 days. Your Defense Counsel was already familiar with the evidence against you and certainly would have been ready for trial. As to the fact that you faced a life sentence, that is true. That is what you faced and it was not going to go away. I note that you have not once made a persuasive argument as to why you should have gotten a better plea offer. Your allegation is without merit.

15. Your Defense Counsel never did any pre-trial research or his own investigation. You alleged that instead your Defense Counsel relied solely on the State's version of the facts. You argue that a forensic evaluation of your laptop would have showed that (1) you received the child pornography inadvertently, (2) you were addicted to adult pornography, movies and music, and (3) your behavior did not fit the pattern of someone who collects and trades child pornography.

Your allegations are not supported by the facts. Your Defense Counsel did not rely on just the State's version of the facts. The State prepared a Computer Forensic Summary of its forensic examination of your laptop and forwarded it to your Defense Counsel. Your Defense Counsel reviewed this report. I have no doubt that your Defense Counsel did so because, after doing so, he sent an e-mail to the Prosecutor asking for more information. Your Defense Counsel wanted the Prosecutor to send his e-mail to the State's forensic computer examiner so that their meeting at the

State's Child Predator Computer Lab would go better. Your Defense Counsel went to the State's Child Predator Computer Lab and met with the State's forensic computer examiner. The State's forensic computer examiner showed your Defense Counsel the evidence that the State had against you. I know that your Defense Counsel did this because after he met with the State's forensic computer examiner he wrote you a four-page letter, a substantial portion of which discusses in detail the evidence against you. Your allegations about what a forensic examination of your laptop would show are conclusory. You did not get a forensic examination of your laptop done either before you pled guilty or filed your Motion for Postconviction Relief. Thus, there is nothing to support your allegation that a forensic examination would be helpful to you. Moreover, the State conducted a forensic examination of your laptop and found it loaded with child pornography. Your allegation that you received child pornography inadvertently is not supported by what your Defense Counsel learned when he went to the State's Child Predator Computer Lab. Your Defense Counsel told you that when he went to the State's Child Predator Computer Lab that he "personally saw 10 additional videos that had been accessed, and then deleted on June 13, 2013." Your Defense Counsel told you that those files were not deleted without being opened. Moreover, your Defense Counsel told you that the titles of those files were sufficiently lurid that no one would open them by mistake

21

or just to see what they were. The State also found a number of titles for videos that were once on your laptop that were suggestive of child pornography, such as "pthc," which means "pre-teen hard core."

You may well be addicted to adult pornography. However, that does not mean that you are not also addicted to child pornography. I certainly understand that you do not believe that your behavior fits the patten of someone who collects and trades child pornography. However, the Dealing in Child Pornography statute is very broad and without doubt covers your activities. Lastly, your consciousness of guilt is overwhelming. You deleted 1,000 files on your laptop after your wife told you that the police were at your house. When you arrived at your house, you lied to the police and told them that your laptop was in the house when it was actually in your van. Innocent people do not behave that way. Your allegation is without merit.

16. Your Defense Counsel never pressed the State for any exculpatory evidence. You allege that after your wife received the evidence against you, she found a "deletion/cleaner program created on 2-18-11 and last run on 6-26-13." You add that this "is a program that has been associated with being a malicious form of spyware/adware." You allege that you have no idea what this program is or how it got on your laptop. You also allege that you were accused of making deletions on 6-27-13, even though the program you mentioned was last run on 6-26-13. You also

22

allege that some of the real player deletions are contradictory because they mention deleted songs, but not deleted videos or images. You also allege that most of the 1,000 files you were accused of deleting the day you were arrested were not child exploitive files. You sum it up by saying that since you were accused of deleting files, it would be helpful to know which ones you deleted and which ones were deleted by the "malicious spyware/adware program."

You allege that the forensic report shows a "deletion/cleaner program created on 2-18-11 and last run on 6-26-13." I have reviewed the report and it does not say what you allege it says. The report says that the operating system for your computer was installed on February 18, 2011. It does not state that the "deletion/cleaner" software was installed on February 18, 2011. As far as the date "6-26-13" is concerned, the report states that numerous files were written to your computer on that date. It makes no mention of files being deleted on June 26, 2013. I am not sure where you are getting your information from and you do not provide any information to support your allegations. The forensic scan showed that over 1,000 files were deleted on June 27, 2013, between 7:41 am and 7:52 a.m. Furthermore, the report states a third-party wiping software exists on your computer but it does not state its installation date or that it was responsible for the deletions, just that it was possible because corresponding information to the files was not present. This information is

23

typically missing when third-party wiping software is used. You could have just as easily deleted some of the files yourself by moving the files to the trash/recycle bin. I note that the forensic scan found items consisting of child pornography which had been deleted on the morning of 6/27/13 in the Microsoft Windows Recycle Bin.

The State's forensic computer examiner did find third-party deleting and/or wiping software on your laptop. This is, according to the State's forensic computer examiner, a freely available program which deletes unwanted files and their tracks. The State's forensic examiner concluded that this program had been run on your laptop. Since this program was on your laptop, I have no reason to believe that anyone other than you installed and used it. You have certainly not explained why I should believe that anyone other than you installed and used this cleaning program.

Your allegations are based, in large part, on advice you got from your fellow inmates, who supposedly are very knowledgeable about computers, and a newspaper article. Your allegations would be much more credible if they were made by an identified computer expert. I read the newspaper article. It has nothing to do with your allegations. Instead, it largely discusses "tracking software" which computer hackers use to track the keystrokes a person makes on their computer so that the hacker can get information like passwords and financial data.

Your allegations about the State withholding exculpatory evidence are

24

unfounded. The State has an affirmative obligation to turn over exculpatory evidence in its possession to you. Exculpatory evidence is defined as evidence that is favorable to the defendant and material to guilt or punishment.[9] You have not identified anything that the State withheld from you that you have now found. You have not identified the exculpatory evidence upon which your allegation is based. The information about the cleaner program was given by the State to your Defense Counsel. Thus, nothing was withheld from you. You have mentioned two pieces of exculpatory evidence. One, you allege that your wife found a "deletion/cleaner program" in the information that your Defense Counsel sent to her when you asked for your file. Two, you allege that the legislative history shows that 11 *Del. C.* §1109 was not enacted to address the type of behavior you were engaged in, which according to you was watching adult pornography, movies and music, and inadvertently accessing child pornography. None of this information was withheld from you. Of course, the "deletion/cleaner program" that your wife "found" was in the information that the State sent to your Defense Counsel, who in turn sent it to your wife. The legislative history is a public record. Moreover, the information is not exculpatory. Your allegation that your wife found a "deletion/cleaner program" on your laptop is nothing more than a conclusory allegation that you are using to

---

[9] *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

25

explain your deletion of 1,000 files on your laptop after you found out that the police were at your house. There is no evidence that such a program was installed on your laptop and used by anyone other than you. As to the legislative history, the Delaware Supreme Court in *Fink* concluded that the Delaware Legislature intended 11 *Del. C.* §1109(4) to address exactly the type of behavior you engaged in. Moreover, I note that you were charged with what was still on your laptop and what was deleted but recovered during the State's forensic analysis of your laptop. Your argument, at best, still leaves you with child pornography on your laptop that you can not explain away. Your allegation is without merit.

17. Your Defense Counsel never sought an independent forensic examination. You allege that you wanted one done.

Your Defense Counsel did not have a computer expert perform a forensic examination of your laptop because you decided not to have it done. Your Defense Counsel told me that you decided not to get a forensic examination of your laptop done based on his recommendation that, given the amount of evidence against you, it was better for you to spend your money on getting a psychosexual expert to examine you and prepare a report that could be used to make the case that you were not a threat to actually harm children and because of that you should receive a short sentence. I have no reason to doubt your Defense Counsel's statement. Your

26

Defense Counsel believed that the evidence against you was very strong. I have, to some extent, summarized the evidence against you. It is indeed strong. The fact that you deleted 1,000 files after your wife told you the police were at your house is powerful evidence of your consciousness of guilt. The fact that you lied to the police about the whereabouts of your laptop is further evidence of your consciousness of guilt. When the police asked you where your laptop was you told them it was in the house when it was actually in your van. The police only found your laptop after they searched your van. Your argument that the child pornography got on your laptop inadvertently while you were downloading adult pornography, movies and music is an argument that is often made, but I have never seen it proved. You have not given me any information to establish how such a thing could occur. Your Defense Counsel thought that you had an addiction to child pornography, but that you were not a threat to actually sexually abuse children. Your Defense Counsel believed that a psychosexual evaluation would confirm this and that it could be used to make the case for a short sentence. That is exactly what happened. The psychosexual evaluation was very favorable to you. The report says that you do not present as a risk for the commission of a contact sexual offense in the future and your risk of re-offending with child pornography is also very low. The State capped its sentencing recommendation at 10 years of Level 5 time in the plea agreement. The Prosecutor

27

at sentencing only asked for six years of Level 5 time. Judge Graves, despite the State's argument at sentencing for six years of Level 5 time, only gave you three and one-half years of Level 5 time. It turned out just as your Defense Counsel expected. I have no doubt, given the evidence against you and the fact that you were not a threat to physically harm children, that you decided to spend your money on a psychosexual expert instead of a computer expert. It was a good decision and your money was well spent. Your allegation is without merit.

18. Your Defense Counsel had no strategy to defend you.

Your allegation is not supported by the facts. Your Defense Counsel reviewed the evidence against you and advised you that, given the strength of the State's evidence, your best option was to negotiate the best plea you could get under the circumstances. Your Defense Counsel hoped to get you a favorable plea and sentence by getting a favorable psychosexual examination of you. That was your Defense Counsel's strategy and, according to him, you agreed with it. In addition to all of the child pornography on your computer, your Defense Counsel, and you, had to consider the fact that, after learning that the police were at your house, you deleted 1,000 files from you laptop, some of which were sexually explicit in nature. That was powerful evidence of your consciousness of guilt. I also note that when the police asked you where your laptop was that you told them it was in the house when it was actually in

28

your van. You certainly knew where it was because you had just used it to delete 1,000 files. Your lie was more evidence of your consciousness of guilt. I also note that you lied about watching pornography. You told the police that you had not watched pornography in several years. However, your laptop was loaded with child pornography. Given all of this, your Defense Counsel's goal was to focus on the fact that you were not a threat to physically harm children and use it to get a good plea and sentence.

You were facing 25 counts of Dealing in Child Pornography. That offense carries a minimum sentence of two years in jail and a maximum sentence of 25 years in jail. Thus, if you went to trial and were convicted of all 25 counts, you faced a minimum sentence of 50 years in jail and a maximum sentence of 625 years in jail. As a result of your Defense Counsel's efforts you were sentenced to three and one-half years in jail, which is all you will have to serve if you do not violate your probation. That is a great deal and sentence. This was an excellent strategy as evidenced by the good plea and sentence that you got. Your allegation is without merit.

19. Your Defense Counsel should have focused first and more on defending you instead of just trying to get you the best plea deal.

I have dealt with this allegation before and concluded that it had no merit.

29

20.  Your Defense Counsel never prepared for trial.

Your allegation is not supported by the facts.  Your Defense Counsel told me that he was prepared for trial. Based upon his letter to you, I can tell that he was intimately familiar with the evidence against you and prepared to make the State prove its case against you.  There was no trial for the simple reason that you had decided to take a plea, making your Defense Counsel's final preparation for trial unnecessary.  Moreover, you were not facing the choice of taking a plea the day you did take the plea or going to trial on that day.  You had a final case review on Wednesday, April 23, 2014. Your trial was scheduled for Tuesday, April 29, 2014. Your Defense Counsel told me at your final case review that you were going to take a plea and that the only thing holding up the plea was the finalization of the psychosexual report that your Defense Counsel wanted the Prosecutor to review so that she would agree to a cap on the State's sentence recommendation.  Instead of going to trial on Tuesday, April 29, 2014, I scheduled the day for you take a plea. You did take the plea on Tuesday, April 29, 2014.  Had you not done so, I would have given you another trial date.  I was not going to force the Prosecutor, your Defense Counsel and you to go to trial on that day if you changed your mind and did not take the plea and that is what I told them and you at your final case review.  The following is that exchange:

THE COURT: I just don't want to get to next Tuesday, everything's fallen apart and - -

DEFENSE COUNSEL: No, I agree.

THE COURT:  - - then we're out another 30 days or 45 days or - -

I have no doubt your Defense Counsel would have been ready for trial had you decided not to take the plea on April 29, 2014, and instead have gone to trial in 30 to 45 days later.  Quite simply, you were not forced to take a plea because your Defense Counsel was not ready for trial.  That was not the case.  Your allegation is without merit.

21.    Your Defense Counsel was not responsive to your comments and suggestions, making you feel like you were stepping on his toes and insulting his expertise and professionalism.  Instead, your Defense Counsel advised you that "they got you" and its time to "minimize the damage."

Your Defense Counsel gave you an honest assessment of the evidence against you and the most likely outcome should you go to trial.  Your Defense Counsel told you that the State's evidence against you was strong and that it would have a relatively easy time convicting you of 25 counts of Dealing in Child Pornography. I agree with his assessment of the evidence.  The evidence against you was indeed strong.  That is exactly what a lawyer should do.  Lawyers are not cheerleaders.  Your

Defense Counsel would not have done you a bit of good by agreeing with your arguments that had no reasonable likelihood of succeeding. Your allegation is without merit.

22. Your Defense Counsel did not consult with you enough and he did not understand the distinction between "dealing" and "possessing" child pornography.

Your allegation is conclusory. I can tell by your Defense Counsel's letter to you that he had a good understanding of the evidence against you and that he had conveyed that understanding to you together with a recommendation about how to proceed, which you agreed with and followed. I can also tell from his responses to your allegations that he was well aware of your argument about the distinction between "dealing" child pornography and "possessing" child pornography. Unfortunately, your conduct allowed the State to charge you with multiple counts of Dealing in Child Pornography. Every defendant charged with Dealing in Child Pornography would much rather be charged with Possession of Child Pornography, but that was just not a realistic expectation for you given the large amount of child pornography on your laptop and the manner in which you obtained it and made it available to others. Having said that, you have not identified anything that you wanted to discuss with your Defense Counsel that you did not get a chance to discuss with him and how it would have made a difference in the outcome of your case if you

32

had done so, making your allegation conclusory. Your allegation is without merit.

23. Your Defense Counsel should have gotten the psychosexual risk assessment sooner so that you could have used it as a defense strategy and in plea negotiations.

Your Defense Counsel ordered the psychosexual report as soon as you authorized him to do so. Your Defense Counsel told me, at your final case review on April 23, 2014, that he wanted a little more time to get the psychosexual report so that he could show it to the prosecutor to get as low a cap on the State's Level 5 time recommendation to the judge as possible. Dr. Steven K.D. Eichel, the psychosexual expert, sent his report to your Defense Counsel on April 25, 2014. Your Defense Counsel sent the report to the Prosecutor on Sunday, April 27, 2014, two days before you took the plea. You pled guilty on April 29, 2014. The State, by that time, had capped its sentencing recommendation to 10 years at Level 5. Before you took your plea, your Defense Counsel contacted Dr. Eichel and told him the following:

> "Quentin has a plea to one count of dealing which will [*sic*] is a minimum sentence of two years. I thought for sure he would get at least three counts of dealing, min of 6. So your findings were helpful in getting the plea to its optimal point. He will take the plea on Tuesday and be sentenced in a couple of months."

At sentencing, the Prosecutor reduced her sentence recommendation to six years at Level 5. Judge Graves reviewed the psychosexual report and sentenced you

to three and one-half years at Level 5 even though the Prosecutor had asked for a six years at Level 5. The report was very helpful in both the plea negotiations and your getting a very favorable sentence. Getting it earlier would not have changed anything.

The psychosexual report would not have helped you at trial. The report could not change the evidence against you. The Prosecutor was adamant that you would have to plead guilty to one count of Dealing in Child Pornography and two counts of Possession of Child Pornography or go to trial. The report could only address the issue of whether you were likely to take the step from viewing child pornography to actually sexually abusing children. That is a sentencing issue. Your allegation is without merit.

24. Your Defense Counsel had a conflict of interest and this affected his performance.

You allege that your Defense Counsel and the Prosecutor are friends. You allege that this prevented your Defense Counsel from aggressively defending you, including not trying to get you a better plea. You also allege that your Defense Counsel helped the Prosecutor. You allege further that your Defense Counsel repeatedly told you to relax and trust him because he was good friends with the Prosecutor. Your Defense Counsel denies telling you this. Your Defense Counsel

34

told me that all that he told you was that he had cases with the Prosecutor in the past and that she would take into consideration the psychosexual evaluation and that getting one done would result in a better resolution of your case.

Your allegation is conclusory. You have not given me anything that leads me to believe there is anything to it. I have already concluded that your allegations regarding pre-trial motions, continuance requests, the lack of an effort to get a better plea offer, and the "poke the bear" comment were of no consequence. While I believe that there is nothing to your allegation that your Defense Counsel and the Prosecutor were too friendly, I note that friendship is an issue that cuts both ways. You assume that your Defense Counsel did not aggressively defend you because he did not want to jeopardize his friendship with the Prosecutor. That is just one way of looking at it. It is just as likely that the Prosecutor did not want to jeopardize her friendship with your Defense Counsel by prosecuting you too aggressively. Put another way, you may have gotten a better plea offer than you were otherwise entitled to get. In any event, I find that there is nothing to your allegation. The reality is that the Delaware Bar is fairly small. The criminal defense bar is even smaller. The number of lawyers regularly prosecuting and defending child pornography cases is even smaller. The fact that the lawyers deal with each other regularly and are on friendly terms is not unusual. I see it all the time. As your Defense Counsel noted, as to cases the

relationship is strictly business. That is exactly what I see too. The Prosecutor and your Defense Counsel deal with each other frequently and, based on what I have seen of them, they do so in a highly professional manner. Your allegation is without merit.

25. You allege that the Prosecutor was vindictive and out to get you.

Your allegation is based on three things. One, when the police previously investigated you for possessing child pornography on your computers you had blamed it all on your son, stating that you had caught him once looking at pornography. Two, at sentencing the Prosecutor told Judge Graves that you had not accepted responsibility for what you had done. Three, when the detective was at your house this time he allegedly threatened you, stating, "I'm going to arrest you or your son so you tell me who I'm going arrest."

Your allegations are not supported by the facts of how this investigation of you got started. This case arose when an investigator with the Child Predator Task Force was conducting an online, undercover investigation into the distribution and downloading of material of child sexual exploitation through peer-to-peer file sharing networks. On April 9, 2013, the investigator identified a computer with an internet protocol ("IP") address of 71.204.200.160 as a potential download source of at least 12 images of child sexual exploitation. The investigator viewed one of those videos

and concluded that it appeared to be child pornography under Delaware law.

The investigator then determined that the IP address was assigned to Comcast Cable Communications. On April 22, 2013, the State sent a subpoena to Comcast to determine the subscriber information for that IP address at the relevant dates and times. Importantly, at the time of the download of the child sexual exploitation material, the investigator had no idea who the individual subscriber was (nor is there any way that he would be able to know that at that point in the investigation). The investigator only learned of the name of the subscriber once Comcast responded to the subpoena. On April 23, 2013, Comcast provided the information that you were the subscriber assigned to that IP address at the time it was engaged in sharing child sexual exploitation material. Ultimately, the State obtained a search warrant for your computers based on this information.

These undercover investigations are essentially a blind investigation in that the investigators have no idea when they initially receive the download who is on the other end of that download. Further, an IP address changes constantly so there was no possible way that the investigator could have known that the you were the person sharing the images of child sexual exploitation until much later in the investigation. The Prosecutor stated that these charges were brought against you because you were using a file sharing program to download and share child sexual exploitation material.

37

I have no reason to doubt her. Thus, this investigation had nothing to do with the State's prior investigation of you for child pornography or the fact that you blamed it all on your son at the time.

As to what the detective allegedly told you at your house before he arrested you, there is nothing to it. When multiple people have access to multiple computers, the police have to figure out who is the primary user. You ultimately told the police that you were the primary user of the laptop the police found in your van, allowing the detective to conclude that your son was not a suspect. Moreover, this makes sense because you were the only one who had a reason to delete 1,000 files before you met the police at your house.

The Prosecutor at your sentencing told Judge Graves that you had not accepted responsibility for what you had done because that is what you told the pre-sentence officer. There is nothing vindictive about this. It is an important fact. There is no doubt that many judges view a defendant's acceptance or rejection of responsibility as an important consideration when sentencing a defendant. Your allegation is without merit.

26. Your Defense Counsel refused to make a counter-offer to the State's plea offer, instead threatening to call off the plea, go to trial (unprepared), and subject you to a possible sentence of life in jail. You allege that your Defense Counsel's

38

secretary, when you asked her about the counter-offer, told you that Defense Counsel "did not want to poke a sleeping bear." You allege that this is evidence of an improper relationship between your Defense Counsel and the Prosecutor.

The Prosecutor made it clear to your Defense Counsel that there was only going to be one plea offer. I do not blame your Defense Counsel for not pursuing it any further. I have seen that backfire. I have seen a prosecutor get upset and "pull a plea offer off the table." Your Defense Counsel chose not to risk that. That is what the "sleeping bear" reference is about. It has nothing to do with the fact that your Defense Counsel and the Prosecutor are friends. I took it to mean that your Defense Counsel did not want to anger the Prosecutor and risk having her withdraw the plea when she had made it clear to him that this was the only offer you were going to get. I note that you have not once made a persuasive argument as why you should have gotten a better plea offer. Your allegation is without merit.

I conclude that your Defense Counsel's representation of you did not leave you with no choice but to plead guilty.

The Plea and Sentencing Allegations

The following are the applicable parts of your Plea Agreement, Truth-in-Sentencing Guilty Plea Form, and Plea Colloquy.

## The Plea Agreement

The Plea Agreement provided, in part, the following:

(1) The Defendant will plead guilty to one count of Dealing in Child Pornography and two counts of Possession of Child Pornography.

(2) The State and the Defendant will request a presentence investigation.

(3) The State will cap its recommendation at 10 years Level 5 time.

The State extended the plea offer on April 23, 2014. The Defendant accepted it on April 29, 2014.

## The Truth-In-Sentencing Guilty Plea Form

On the Truth-in-Sentencing Guilty Plea Form you were asked the following questions regarding your decision to plead guilty:

Have you freely and voluntarily decided to plead guilty to the charge listed in the written plea agreement?

You answered "yes."

Have you been promised anything that is not stated in your written plea agreement?

You answered "no."

Has your lawyer, the State, or anyone threatened or forced you to enter this plea?

You answered "no."

Do you understand that because you are pleading guilty you will not have a trial, and therefore waive (give up) your constitutional rights:
(1) to have a lawyer represent you at trial;
(2) to be presumed innocent until the State can prove each and every part of the charge(s) against you beyond a reasonable doubt;
(3) to a speedy and public trial by jury;
(4) to hear and question the witnesses against you;
(5) to present evidence in your defense;
(6) to testify or not testify yourself; and,
(7) to appeal, if convicted, to the Delaware Supreme Court with the assistance of a lawyer?

You answered "yes."

The Truth-in-Sentencing Guilty Plea Form provided the following

sentencing information:

| Offense | Statutory Penalty Incarceration | Minimum Mandatory (if any) | Truth-in Sentencing Guideline |
|---------|----------------------------------|-----------------------------|-------------------------------|
| Dealing in Child Porn | 2-25 years | 2 years | 2-5 years |
| Poss. of Child Porn | 0-3 years | — | 0-12 mos. LII |
| Poss. of Child Porn | 0-3 years | — | 0-12 mos. LII |

Total Consecutive Maximum Penalty: <u>Incarceration: 31 years</u>

The Truth-in-Sentencing Guilty Plea Form ended with the following questions

regarding sentencing and your rights.

Is there a minimum mandatory penalty?

You answered "Yes."

41

Has anyone promised you what your sentence will be?

You answered "No."

Are you satisfied with your lawyer's representation of you, and that your lawyer has fully advised you of your rights?

You answered "Yes."

Have you read and understood all the information in this form?

You answered "Yes."

Are all your answers truthful?

You answered "Yes."

### The Plea Colloquy

During the plea colloquy, the following exchange took place:

THE BAILIFF: Next, your Honor, we're going to do No. 2 on the calendar, Quentin Wilkerson, with Defense Counsel, Prosecutor.

DEFENSE COUNSEL: Good morning, Your Honor.

THE COURT: Good morning.

PROSECUTOR: Good morning, Your Honor.

THE COURT: Good morning.

DEFENSE COUNSEL: Your Honor, before you is Quentin Wilkerson. This plea resolves two cases, 1306023969 and 1307009622, which is combined for the indictment.

Mr. Wilkerson is taking a plea to three charges today; Count 1, dealing in child pornography; Counts 2 and 3, lesser-included offenses of

possession of child pornography. All other charges on the case will be nol-prossed upon entry of the plea.

Both the State and the defense do ask Your Honor to order a presentence investigation. The State has agreed to cap its recommendation at 10 years of Level 5 time.

Other conditions: No contact with minors, except for his own children. In that case, it's no unsupervised contact.

And then other conditions: Sexual disorder counseling; forfeit the digital media seized on which contraband was found; and he will be prohibited from accessing the Internet through any device. And there is a Tier 2 registration.

Mr. Wilkerson has signed the Plea agreement and agrees to its terms.

Your Honor, we've also gone through the Truth-in-Sentencing Guilty Plea Form. Mr. Wilkerson understands and agrees to waive his trial and appeal rights in favor of resolving his case by way of his plea. I've advised him that the sentencing is up to the Court. He faces a maximum statutory penalty of 31 years, if you add these three charge together. He has no prior felonies, so I've advised him of his civil penalties for felony convictions. I believe Mr. Wilkerson and I have had ample opportunity to discuss the case, the evidence that would be presented against him at trial, as well as his constitutional rights. His plea is knowing, intelligent and voluntary, Your Honor.

THE COURT: All right. Thank you.

Would you swear Mr. Wilkerson in, please?

(Whereupon, QUENTIN A. WILKERSON, SR., the defendant herein, was duly sworn.)

THE COURT: Good morning, Mr. Wilkerson.

THE DEFENDANT: Good morning.

THE COURT: I understand you have decided to plead guilty to charges of dealing in child pornography, and two counts of possession of child pornography. Is that what you have decided to do?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand the nature of those offenses?

THE DEFENDANT: I believe I do, yes.

THE COURT: Do you understand the maximum period of incarceration you face for each offense?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that on the first charge you must receive a sentence of at least two years in jail?

THE DEFENDANT: Yes, your Honor.

THE COURT: Do you understand you will have to register as a sex offender?

THE DEFENDANT: Yes.

THE COURT: You have certain rights; those rights are listed on the Truth-in-Sentencing Guilty Plea Form which you have signed. Have you discussed those rights with Mr. Collins?

THE DEFENDANT: Yes, we have.

THE COURT: Do you understand all of those rights?

44

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand that by taking this plea you are waiving all of those rights and there won't be a trial?

THE DEFENDANT: Yes. Yes, sir.

THE COURT: Did anybody force you to take this plea?

THE DEFENDANT: No, sir.

THE COURT: Did anybody promise you anything for it?

THE DEFENDANT: No.

THE COURT: Did you commit these three offenses?

THE DEFENDANT: Yes, sir.

THE COURT: Are you satisfied Mr. Collins' representation of you?

THE DEFENDANT: Yes, sir.

THE COURT: Are you sure that this is how you wish to resolve the charges against you?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Based on all of that, I will accept your plea as being made knowingly, intelligently and voluntarily.

I will order a presentence investigation, revoke bail, order that you be remanded to the custody of the Department of Correction pending sentencing.

Anything else, Counsel?

45

DEFENSE COUNSEL: No, Your Honor.

PROSECUTOR: Thank you, Your Honor.

THE COURT: All right.

DEFENSE COUNSEL: Thank you, Your Honor.

THE COURT: Thank you.  Have a good day.[10]

<u>The Plea and Sentencing Allegations</u>

1.  Your Defense Counsel never told you about or showed you copies of the State's earlier plea offers.

Your allegation is not supported by the facts.   The State only made the plea offer that you accepted.  There were no earlier plea offers. Your allegation is without merit.

2.  Your Defense Counsel refused to assist you in challenging and/or counter-offering the State's plea offer.

Your allegation is not supported by the facts.  Your Defense Counsel and the Prosecutor engaged in plea negotiations that resulted in the Prosecutor only making one plea offer to you.  The Prosecutor made it clear to your Defense Counsel that her offer was based on both the large number of images of child pornography on your laptop and the explicit nature of them.  The Prosecutor also made it clear to your

---

[10]  Plea Hearing Transcript at 2-6 (April 29, 2014).

46

Defense Counsel that this was going to be the only plea offer that you were going to get. You are not even entitled to a plea offer.[11] A defense lawyer can try to persuade, but can not force, a prosecutor to make a particular plea offer. Your Defense Counsel got you a great plea offer. The Prosecutor agreed to cap her recommendation of Level 5 time at 10 years. That was a great plea offer given the evidence against you and your consciousness of guilt. Your allegation is without merit.

3. Your Defense Counsel never advised you of your right to a bench trial or a jury trial and never explained the differences between the two to you.

Your argument is conclusory. Your Defense Counsel did not tell you that you had the right to a bench trial because you did not. Superior Court Criminal Rule 23(a) provides that a bench trial may be had only when the defendant waives his right to a jury trial in writing, the State consents to it and the Court approves it. Your Defense Counsel also pointed out to me that you had decided not to go to trial because the risks of getting an adverse result were too great. That was a good decision. You were facing a minimum sentence of 50 years in jail and a maximum sentence of 625 years in jail if you were convicted of all the charges against you. Your Defense Counsel felt that the State would easily obtain a conviction on all

---

[11] *Dickson v. State*, 32 A.3d 988 (Del. 2011) (TABLE) citing *Washington v. State*, 844 A.2d 293, 295 (Del. 2004).

charged offenses because the evidence against you was very strong. I agree that it was strong. Having said that, you have not told me how the possibility of having a bench trial affected your decision to take the State's plea offer. I note that on the Truth-in-Sentencing Guilty Plea Form you acknowledged that by pleading guilty you were waiving your right to a public trial and that during the plea colloquy you told me you understood that by taking a plea you knew that there would not be a trial. Your allegation is without merit.

4. Your Defense Counsel coerced you into taking the plea.

Your allegation is not supported by the answers you gave on the Truth-in-Sentencing Guilty Plea Form and to my questions during the plea colloquy. The following are the applicable questions and your answers on the Truth-in-Sentencing Guilty Plea Form:

> Have you freely and voluntarily decided to plead guilty to the charges listed in your written plea agreement?
>
> You answered "Yes."
>
> Have you been promised anything that is not stated in your written plea agreement?
>
> You answered "No."
>
> Has your lawyer, the State, or anyone threatened or forced you to enter this plea?

You answered "No."

The following is an excerpt of the applicable portion of the plea colloquy:

I believe Mr. Wilkerson and I have had ample opportunity to discuss the case, the evidence that would be presented against him at trial, as well as his constitutional rights. <u>His plea is knowing, intelligent and voluntary, Your Honor</u>.

THE COURT: I understand you have decided to plead guilty to charges of dealing in child pornography, and two counts of possession of child pornography. Is this what you have decided to do?

THE DEFENDANT: Yes, sir.

THE COURT: Did anybody force you to take this plea?

THE DEFENDANT: No, Sir.

THE COURT: Did anybody promise you anything for it?

THE DEFENDANT: No.

THE COURT: Did you commit these three offenses?

THE DEFENDANT: Yes, sir.

THE COURT: Are you satisfied with Mr. Collins' representation of you?

THE DEFENDANT: Yes, sir.

THE COURT: Are you sure that this is how you wish to resolve the charges against you?

THE DEFENDANT: Yes, sir.[12]

You are bound by the answers you gave on the Truth-in-Sentencing Guilty Plea Form and during the plea colloquy.[13] Your allegation is without merit.

5. Your Defense Counsel induced and coerced you into taking a guilty plea to Dealing in Child Pornography when a lesser plea of Possession of Child Pornography should have been obtained.

As I just noted, you repeatedly told me that no one forced you to plead guilty. The Prosecutor only made one plea offer and it was to one count of Dealing in Child Pornography and two counts of Possession of Child Pornography. A defense lawyer can try to persuade, but can not force, a prosecutor to make a particular plea offer. Indeed, you had no right to force the State to make a plea offer to you.[14] In your case the Prosecutor was adamant that you would have to either accept the one plea that she offered you or go to trial. Your allegation is without merit.

6. Your Defense Counsel did not tell you before you took the plea that there was no possibility of parole for you. You allege that you and your wife thought there was.

---

[12] *Id.* at 5-6.

[13] *Savage v. State*, 815 A.2d 349, 2003 WL 214963, at *2 (Del. Jan. 31, 2003)(Table).

[14] *Dickson,* 32 A.3d 988.

Your Defense Counsel has acknowledged that he did not tell you that there was no possibility of parole for you.[15] If that was something that you and your wife were thinking about, then you should have asked your Defense Counsel about it. He can not read your mind or anticipate everything that you are thinking about. You are part of the process too. You have to speak up when something is on your mind. Your failure to do so is your own fault. Your allegation is without merit.

7. Your Defense Counsel induced you to take the plea based on false and erroneous advice.

Your allegation is conclusory. You have not set forth the false and erroneous advice your Defense Counsel gave you. Your allegation is without merit.

8. Your Defense Counsel coerced you into taking a plea to cover up for his lack of preparation. You allege further that your Defense Counsel misrepresented facts, withheld facts, and used the threat of a possible life sentence to get you to take a plea. You allege that your Defense Counsel refused to make a counteroffer, threatened to call off the plea, go to trial unprepared and subject you to a life sentence.

I have largely addressed all of these allegations previously and concluded that there was no merit to them. I have, based on your answers on the Truth-in-

---

[15] Del. Admin. Code PAR 2.

Sentencing Guilty Plea Form and during the plea colloquy, concluded that no one forced you to take a plea. I told your Defense Counsel at your final case review that if you decided not to take the plea on the day that you were scheduled to go to trial that a new trial date would have been set for sometime during the next 30 to 45 days. Your Defense Counsel was certainly familiar with the evidence against you and that extra time would have given your Defense Counsel plenty of time to prepare for trial. You have not told me what facts that your Defense Counsel allegedly withheld from you or misrepresented to you. Therefore, your allegation in that regard is conclusory. I have also discussed at length your allegation that your Defense Counsel should have gotten you a better plea offer and concluded that there was no merit to it. Your allegation is without merit.

9. Your Defense Counsel withheld exculpatory evidence from you in order to get you to take a plea.

I previously concluded that there was no exculpatory evidence withheld from you. Your allegation is without merit.

10. Your Defense Counsel withheld information from you and pressured you into taking the plea.

Your allegation is conclusory and is not supported by the record. Your allegation that your Defense Counsel withheld information from you is conclusory

52

because you have not told me what evidence your Defense Counsel withheld from you. Your allegation that your Defense Counsel pressured you to take a plea is not supported by the answers you gave on the Truth-in-Sentencing Guilty Plea Form and during the plea colloquy. Your allegation is without merit.

11. Your Defense Counsel told you that you would get a sentence of only two years in jail and that it would be reduced by five days per month for good behavior and that you would get a six month early release from Sussex Correctional Institution. You allege that you are not eligible for early release because you are a sex offender. You allege that your Defense Counsel did not tell you that good time was not automatic. You allege that your Defense Counsel told you that you would only serve 15 to 16 months in jail. You allege that you did not know that sentencing would be up to the Court.

Your Defense Counsel denies that he told you that you would only get two years in jail. Moreover, your allegations are not supported by the record. Right before you were sworn in to take the plea, your Defense Counsel stated in open court and with you at his side that "the State has agreed to cap its recommendation at 10 years of Level 5 time" and that he had advised you that the sentencing would be up to the Court. Even if he did not previously advise you of it, you certainly heard it then. The following is exactly what your Defense Counsel said:

53

Both the State and the defense do ask Your Honor to order a presentence investigation. <u>The State has agreed to cap its recommendation at 10 years of Level 5 time</u>.

************

Your Honor, we've also gone through the Truth-In-Sentencing Guilty Plea Form. Mr. Wilkerson understands and agrees to waive his trial and appeal rights in favor of resolving his case by way of his plea. <u>I've advised him that the sentencing is up to the Court</u>. <u>He faces a maximum statutory penalty of 31 years</u>, if you add these three charges together. He has no prior felonies, so I've advised him of his civil penalties for felony convictions.[16]

Your Defense Counsel told you at the same time that you faced up to 31 years in jail. The Truth-in-Sentencing Guilty Plea Form reflects that as well. I asked you if you understood that you must serve at least two years in jail on the charge of Dealing in Child Pornography. You told me that you did. The Truth-in-Sentencing Guilty Plea Form reflects that as well. You told me that you understood the minimum and maximum sentences you faced. Your Defense Counsel told me that he discussed with you the possibility that you could reduce your sentence by earning good time credits.[17] You allege that he did not tell you that earning good time credits was not automatic. As the words "good time" suggest, you had to know that "good time" credits had to be earned by being good. Your Defense Counsel told me that he

---

[16] Plea Hearing Transcript at 3 (April 29, 2014).

[17] 11 *Del. C.* §4381.

discussed with you the possibility of early release from Level 5. This is really a flow-down from Level 5 to Level 4 Work Release. The Department of Correction does not have to do this generally and it does not do it for sex offenders. Thus, it was only a possibility for you and not a right. The fact that it did not happen for you is of no consequence. Your allegation is without merit.

12. Your Defense Counsel did not put the plea agreement of "2 years, capped at 10 years" and the good time credits and early release in writing. Your Defense Counsel used his bad advice about 11 *Del. C*. §1109, the plea agreement, good time credits and early release to coerce you into a plea that you did not want.

The plea agreement was in writing and listed the three charges that you had agreed to plead guilty to. The plea agreement clearly stated that your Defense Counsel and the Prosecutor wanted a presentence investigation done before sentencing. The plea agreement also clearly stated that the "State will cap its recommendation at 10 years Level 5 time." The Truth-in-Sentencing Guilty Plea Form told you that you faced a sentence ranging from 2 to 31 years of incarceration. I asked you if you understood the maximum period of incarceration for each offense. You said that you did. I also asked you if you understood that on the first charge (Dealing in Child Pornography) that you had to receive a sentence of at least two years in jail. You said that you did. Thus, you knew that you faced a sentence from

55

2 to 31 years in jail, but that the State would ask for no more than 10 years in jail. Your Defense Counsel went over all of this with you. The possibility of earning good time credits and early release (flow-down from Level 5 to Level 4 Work Release for the last six months of a Level 5 sentence) were merely possibilities. They are not automatic. The Department of Correction may, but does not have to, move you down during the last 180 days of your Level 5 time to Level 4 Work Release. However, the Department of Correction does not do it for sex offenders. Earning good time credits is also merely a possibility. You have to earn them by being good and the Department of Correction has to agree that you have earned them before you get them. Good time credits and early release are not, based on my experience, a part of the plea agreement. They are not a part of the plea agreement because they both lie within the discretion of the Department of Correction and can not be agreed to by the parties and ordered by the Court. In any event, you said that your Defense Counsel discussed those things with you. I know that you hoped to get out of jail in less than 2 years, but it was no more than a hope. I have previously concluded that there was no merit to your allegation that your Defense Counsel did not understand 11 *Del. C.* §1109. I have also previously concluded that there was no merit to your allegation that your Defense Counsel should have gotten you a better plea offer. Your allegation is without merit.

56

13. Your Defense Counsel never explained the true facts of the plea agreement such as good time credits, early release from Sussex Correctional Institution and sentence exposure to you.

The plea agreement was very simple. It provided that you faced a sentence of 2 to 31 years in jail. It further provided that the State would ask for no more than 10 years in jail. It provided that there would be a presentence investigation. Your Defense Counsel told you in open court right before you pled guilty that the ultimate sentence would be up to the judge. Early release is a misnomer. This is really a flow down from Level 5 to Level 4 Work Release for the last 180 days of an inmate's Level 5 sentence. 11 *Del. C.* §4205(h) provides that the Department of Correction may do this, but it does not have to do it. The Department of Correction does not allow sex offenders to flow down early.[18] This does not matter because your Defense Counsel told you that an early flow down is merely a possibility. Good time credits are, as I have discussed before, merely a possibility. They are not automatic. Your allegation is without merit.

14. You allege that your Defense Counsel misadvised you of a specific sentence of which you did not receive.

Your Defense Counsel made it clear to you that you faced a sentence of up to

---

[18] Department of Correction Bureau of Prisons Policy 2.1 Section 6(a)(2)(b).

31 years in jail and that your sentence was up to the Court. He told you this is in open court right before you pled guilty. I have already discussed how the Truth-in-Sentencing Guilty Plea Form set forth your sentencing range. I have also already discussed that during your plea colloquy you told me that you understood this. Your allegation is without merit.

15. Your Defense Counsel did not explain the full exposure you faced until a few minutes before you took the plea.

Your Defense Counsel told me that he fully explained the plea to you before you took it. If you wanted more time to think about it, then you should have spoken up. You did not. Moreover, as I have said repeatedly, you were told the sentencing range that you faced and you told me that you understood that range. Your allegation is without merit.

16. You allege that the plea agreement was ambiguous. You allege that your Defense Counsel thought it was a minimum of 2 years of Level 5 with a cap of 10 years at Level 5. You allege further that the prosecutor thought that it was 6 years at Level 5 with no cap. You allege that you thought you would get 2 years in jail and no more than 10 years of probation.

There is nothing ambiguous about your plea agreement. The Truth-in-Sentencing Guilty Plea Form, which is a part of the Plea Agreement, clearly states

that you faced a sentence of 2 to 31 years in jail. The plea agreement itself provides that the State would cap its request for Level 5 time at 10 years. Thus, the recommendation from the State would be a sentence of Level 5 time somewhere between 2 to 10 years. The Prosecutor, at sentencing, reduced the State's recommendation from 10 to six years. That is where the six years came from. Judge Graves sentenced you to three and one-half years of actual Level 5 time. He suspended the balance of your Level 5 time, meaning you will not have to serve it unless you violate your probation. Your Defense Counsel explained all of that to you. I went over most of it with you during the plea colloquy. You have a 12th grade education and work for yourself in the shipping business. I have no idea how you can reasonably claim to not understand what the plea agreement meant. Your allegation is without merit.

17. Your Defense Counsel did not properly advise you of the sentencing guidelines, leaving you unable to make an informed decision about the plea offer. You do state that your Defense Counsel discussed the sentencing guidelines with you after the plea was signed and the day before sentencing.

Your Defense Counsel told me that he discussed the sentencing guidelines with you. I note that they are also listed on the Truth-in-Sentencing Guilty Plea Form, which you signed before you pled guilty. The sentencing guideline is two to five

59

years at Level 5 for Dealing in Child Pornography and 0 to 1 year of probation for Possession of Child Pornography. I have no doubt that your Defense Counsel discussed the sentencing guidelines with you before you pled guilty. The sentencing guidelines are on the Truth-in-Sentencing Guilty Plea Form that you signed and that if you did not see them it was only because you were not looking. Moreover, the sentence that Judge Graves gave you was well within the sentencing guidelines, which are not binding in any event.[19] Your argument is without merit.

18. Your Defense Counsel never informed you of the full facts and terms of your plea offer.

Your allegation is conclusory. Moreover, I have already discussed your allegations in this regard in great detail and concluded that there was no merit to them.

19. Your Defense Counsel did not give you the option to reject the plea.

Your allegation is not supported by your answers on the Truth-In-Sentencing Guilty Plea Form and during the plea colloquy. Moreover, I addressed this twice with you during the plea colloquy, once in the very beginning and once at the very end. The following are the applicable excerpts of the plea colloquy:

---

[19] *Mayes v. State*, 604 A.2d 839 (Del. 1992).

<u>Beginning of the Plea Colloquy</u>

THE COURT: I understand you have decided to plead guilty to charges of dealing in child pornography, and two counts of possession of child pornography. Is that what you have decided to do?

THE DEFENDANT: Yes, sir.

<u>End of the Plea Colloquy</u>

THE COURT: Are you sure that this is how you wish to resolve the charges against you?

THE DEFENDANT: Yes, sir.

I gave you two chances to reject the State's plea offer. You elected not to do so. Your allegation is without merit.

20. You allege that during the plea colloquy you gave the answers your Defense Counsel told you to give.

Your Defense Counsel denied this. Your Defense Counsel pointed out that he did not know what questions I was going to ask you during the plea colloquy. Thus, he could not tell you what answers to give. I note that the answers you gave were appropriate in all respects. Your allegation is without merit.

21. Your Defense Counsel did not tell you about your appellate rights and procedures.

Your allegation is not supported by the record. The Truth-in-Sentencing Guilty

61

Plea Form, which you signed before you took the plea in Court, asks you the following question:

> Do you understand that because you are pleading guilty you will not have a trial, and therefore waive (give up) your constitutional rights:
> (1) to have a lawyer represent you at trial;
> (2) to be presumed innocent until the State can prove each and every part of the charge(s) against you beyond a reasonable doubt;
> (3) to a speedy and public trial by jury;
> (4) to hear and question the witnesses against you;
> (5) to present evidence in your defense;
> (6) to testify or not testify yourself; and
> (7) <u>to appeal, if convicted, to the Delaware Supreme Court with the assistance of a lawyer</u>:
>
> You answered "Yes" to this question.

Thus, you acknowledged that you were waiving your right to appeal your convictions for the three charges to the Delaware Supreme Court.

Later on in the Truth-in-Sentencing Guilty Plea Form you were asked the following questions:

> Are you satisfied with your lawyer's representation of you, and that your lawyer has fully advised you of your rights?
>
> You answered "Yes."
>
> Have you read and understood all the information in this form?
>
> You answered "Yes."
>
> Are all your answers truthful?

62

You answered "Yes."

Thus, twice on the Truth-in-Sentencing Guilty Plea Form you stated both that you understood your appellate rights and that you were waiving them.

Moreover, before you were sworn in to take your plea, your Defense Counsel, in open Court with you at his side, told me that you understood and agreed to waive your trial and appeal rights in favor of resolving your case by way of a plea. The following is your Defense Counsel's exact statement to me:

"Your Honor, we've also gone through the Truth-in-Sentencing Guilty Plea Form. <u>Mr. Wilkerson understands and agrees to waive his trial and appeal rights in favor of resolving his case by way of his plea</u>."

I addressed this again during the plea colloquy. The following is the exact exchange:

The Court: You have certain rights; those rights are listed on the Truth-in-Sentencing Guilty Plea Form you have signed. Have you discussed those rights with Mr. Collins?

The Defendant: Yes, we have.

The Court: Do you understand all of those rights.

The Defendant: Yes, Your Honor.

The Court: Do you understand that by taking this plea you are waiving all of those rights and there won't be a trial?

The Defendant: Yes. Yes, sir.

It is obvious that you were repeatedly told that you were waiving your trial and appellate rights and that you repeatedly said that you knew that by pleading guilty you were doing so. Your allegation is without merit.

22. You allege that you did not know that the Court was not bound by the plea agreement. You allege further you were baffled when the State asked for six years.

As I have noted before, your Defense Counsel told you that the sentencing was up to the judge. Once again, the following is his exact statement to me:

> Your Honor, we've also gone through the Truth-in-Sentencing Guilty Plea Form. Mr. Wilkerson understands and agrees to waive his trial and appeal rights in favor of resolving his case by way of his plea. I've advised him that the sentencing is up to the Court. He faces a maximum statutory penalty of 31 years, if you add these three charges together. He has no prior felonies, so I've advised him of his civil penalties for felony convictions.[20]

Moreover, as I noted before, you were told the sentence range you faced and you told me that you understood it. If the judge had been bound by a cap of 10 years in jail, then there would have been no point in putting the maximum sentence you faced on the Truth-in-Sentencing Guilty Plea Form. There also would have been no point in asking you during the plea colloquy if you understood the maximum sentence you faced. The State reduced its sentencing recommendation from 10 years at Level 5 to six years at Level 5. I have no idea why that baffles you. I note further that, at

---

[20] Plea Hearing Transcript at 3 (April 29, 2014).

sentencing, when the State asked for six years of Level 5 time that you said nothing. Judge Graves gave your Defense Counsel an opportunity to respond to the State's argument for six years of Level 5 time. That would have been the time to speak up. You said nothing. I note further, and most importantly, that Judge Graves gave you less than the State asked for. Judge Graves did not exceed the State's cap of 10 years, the Prosecutor's request for six years at sentencing, or the high-end of sentencing guideline. Lastly, I do not know what you are complaining about. You were sentenced to three and one-half years at Level 5, a sentence that is below the maximum of 31 years, the State's cap of 10 years, the State's argument for six years at sentencing, and the maximum sentencing guildeline of five years. Your allegation is without merit.

23. Your Defense Counsel did not let you read the Presentence Investigation Report. You allege that your Defense Counsel only discussed it with you a day before sentencing, leaving you no time to develop a sentencing strategy. You allege that you should have been able to read the report yourself so that you could have challenged it.

Your allegations are not based on the rules. Superior Court Criminal Rule 32(c)(3) provides that at least seven days before sentencing the Court shall allow the defendant's attorney to read the Presentence Investigation Report. A defendant only

65

gets to read the report if he is *pro se*. You were not *pro se*. You were represented by counsel. Your Defense Counsel reviewed the Presentence Investigation Report and discussed it with you. During your interview with the presentence officer you said you did not seek out child pornography and only inadvertently possessed it. That was the only negative thing in the Presentence Investigation Report. The investigator felt that you had minimized your involvement in viewing child pornography. Your Defense Counsel had told you that this could hurt you. Dr. Eichel's report was good for you. It said you were no risk for a sexual contact offense and a very low risk for re-offending with child pornography. You scored a zero on the static-99 Risk Assessment. That put you in the low risk category. You had no prior criminal history. Your Defense Counsel's strategy was to argue that, while you would have to do some jail time, you should not receive a long sentence because you had no prior criminal history, were not a threat to physically harm a child, and would benefit from treatment instead of a lengthy period of incarceration. Your Defense Counsel's strategy worked. On the charge of Dealing in Child Pornography, Judge Graves sentenced you to only three and one-half years in jail, which was right at the mid-point of the sentencing guideline of two to five years. Judge Graves also added that while you were incarcerated you would have to complete a sexual disorder counseling program. Your allegation is without merit.

24. You allege that you should have been able to read the Presentence Investigation Report at least 10 days before sentencing.

Your allegation is without merit. You did not have a right to review it at all. Moreover, it was very helpful to you. The only negative thing in it was your refusal to accept responsibility for what you had done. Your Defense Counsel warned you about this. Despite his warning, you persisted in minimizing your responsibility for what you had done. Your allegation is without merit.

25. You allege that right before sentencing your Defense Counsel told you of the possibility of not getting the "2 years capped at 10" because the Presentence Investigation Report indicated that you had not accepted responsibility for the crimes you had committed.

What your Defense Counsel told you is certainly correct. As your Defense Counsel also told you, the sentencing is up to the judge. However, that does not matter because you received a sentence of three and one-half years, which is six and one-half years less than what the State agreed to cap its recommendation at, and it is two and one-half years less than what the Prosecutor actually asked for at sentencing. I have no idea why you are complaining. Your allegation is without merit.

26. Your Defense Counsel did not properly represent you at sentencing. You allege that he did not challenge the State's claims during sentencing. You further

allege that he should not have told Judge Graves that you needed help.

Your Defense Counsel did an excellent job representing you at sentencing. He persuaded Judge Graves to give you a sentence that was two and one-half years less than the six years the prosecutor asked for. Judge Graves almost cut the State's recommendation in half. Your Defense Counsel's decision to tell Judge Graves that you needed help was a wise one. It suggested to Judge Graves that you had a problem that could be dealt with through treatment and that you were willing to address your problem. That is an excellent strategy at sentencing. Your allegation is without merit.

27. The evidence was insufficient to support a guilty plea.

I disagree. The evidence against you, based on what your own Defense Counsel has said and what I have discussed previously in this decision, was more than adequate to support a guilty plea. Moreover, you admitted that you were guilty of dealing in and possessing child pornography during your plea colloquy.

I conclude that you have knowingly, intelligently and voluntarily waived your trial and appellate rights.

Conclusion

Your Motion for Postconviction Relief is DENIED.

IT IS SO ORDERED.

/s/ <i>E. Scott Bradley</i>

E. Scott Bradley

ESB/sal
cc:    Counsel
       Prothonotary